FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BERG,<br><br>                Plaintiff,<br><br>v.<br><br>CR BARD, INCORPORATED; and BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>                Defendants. | NO: 1:19-CV-3216-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO SEAL |

BEFORE THE COURT is a Motion for Partial Summary Judgment, ECF No. 48, filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. Also before the Court are Motions to Seal exhibits by Plaintiff James Berg, ECF Nos. 59 and 63. The Court has reviewed all filings related to the pending motions and held a brief video conference hearing on the Motion for Partial Summary Judgment, ECF No. 48, on February 24, 2021. The Court has further reviewed the relevant law and is fully informed.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO SEAL ~ 1

***Defendants' Motion for Partial Summary Judgment***

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party fails to dispute another party's assertion of fact, the Court may grant summary judgment if the docket shows that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e).

Plaintiff responded to the Motion for Partial Summary Judgment by withdrawing or not contesting all of the claims that were at issue in the Motion, including: manufacturing defect; breach of warranty; negligent misrepresentation; fraudulent misrepresentation; fraudulent concealment; negligence per se, negligent manufacture, negligent failure to warn, and punitive damages. *See* ECF No. 71 (Hearing Minutes). Based on Plaintiff's decision not to contest Defendant's Motion for Partial Summary Judgment regarding these claims, the Court grants Defendant's Motion. *See* Fed. R. Civ. P. 56(e).

***Plaintiff's Motions to Seal***

The Court has further reviewed Plaintiff's Motion to Seal Exhibit A to Plaintiff's Response to Defendants' Motion to Strike Expert Report of Gurvan E. Blackman, M.D., ECF No. 59, and Plaintiff's Motion to Seal Exhibits to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment, ECF No. 63. Plaintiff seeks to file under seal Dr. Gurvan Blackman's expert report, ECF No. 59, as well as Exhibits 4, 7, 11, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 26, and 29 to

1    Plaintiff's Statement of Facts in response to Defendant's Motion for Partial

2    Summary Judgment, ECF No. 62.

3        Defendants respond that that the expert report already is filed on the docket

4    unsealed and unredacted at ECF No. 47-1 (Exhibit A to Defendants' Declaration

5    by Joseph Fornadel III in Support of Defendants' Motion to Strike Plaintiff's

6    Expert Report of Dr. Blackman).  ECF No. 66 at 3.  Defendants further maintain

7    that the report does not contain material that requires it to be filed under seal.  *Id.*

8    With respect to Plaintiff's second Motion to Seal, Defendants do not oppose the

9    request, but note that "Exhibit 4 contains Plaintiff's medical records and does not

10    constitute confidential material[,]" and Defendants believe that "the remaining

11    Exhibits have been publicly disclosed prior to this action and the disclosure . . .

12    would not reveal confidential, proprietary, or trade secret information."  ECF No.

13    67 at 3.

14        Plaintiff did not file a reply with respect to either Motion to Seal.

15        As the Court previously recited in this case, ECF No. 56, in the Ninth Circuit,

16    courts resolving motions to seal "start with a strong presumption in favor of access

17    to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

18    Cir. 2003).  However, this presumption "is not absolute and can be overridden given

19    sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135.  Unless a

20    particular court record is one "'traditionally kept secret,' a 'strong presumption in

21

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO SEAL ~ 3

1 favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447

2 F.3d 1172, 1178 (9th Cir. 2006) (citing Foltz, 331 F.3d at 1135).

3     Plaintiff does not present compelling reasons to seal the documents at issue in

4 either Motion to Seal.  Dr. Blackman's report was publicly viewable on the docket

5 before Plaintiff's sought to file a copy under seal.  *See* ECF No. 47-1.  Plaintiff also

6 did not file any further reasoning to support their Motion to Seal after Defendant

7 responded.  *See* LCivR 7(e) (failure to comply with the rules of motion practice in

8 this District may be construed as consent to entry of an adverse order.  In addition,

9 Plaintiff's second Motion to Seal does not present compelling reasons to seal

10 documents relating to a dispositive motion, and Plaintiff does not file any reply

11 supporting a finding that the exhibits contain confidential material or proprietary

12 information warranting protection from public disclosure.  *See* LCivR 7(e).

13 Therefore, the Court denies both Motions to Seal and concludes that the documents

14 at issue must be filed unsealed.

15     Accordingly, **IT IS HEREBY ORDERED**:

16     1.   Defendants' Motion for Partial Summary Judgment, **ECF No. 48**, is

17         **GRANTED**.

18     2.   Judgment shall be entered in Defendants' favor regarding Plaintiff's

19         claims alleging manufacturing defect; breach of warranty; negligent

20         misrepresentation; fraudulent misrepresentation; fraudulent

21

concealment; negligence per se, negligent manufacture, negligent failure to warn, and punitive damages.

3. Plaintiff's Motions to Seal, **ECF Nos. 59 and 63**, are **DENIED**.

Plaintiff shall file the exhibits at issue **within seven days of this Order**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 24, 2021.

<i>s/ Rosanna Malouf Peterson</i><br>
ROSANNA MALOUF PETERSON<br>
United States District Judge